IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SHELDON L. HUGER,                 )
                                  )
            Plaintiff,            )
                                  )
      v.                          )         1:12CV1242
                                  )
OFFICER M.D. ANDERSON,            )
                                  )
            Defendant.            )

**MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the Court for a recommended ruling on Defendant's Motion to Dismiss (Docket Entry 18) at 1). (See Docket Entry dated June 5, 2014.) For the reasons that follow, the instant Motion should be granted in part and denied in part.

**Background**

Plaintiff commenced this case by filing a pro se prisoner form Complaint under 42 U.S.C. § 1983 alleging that Defendant acted with deliberate indifference to Plaintiff's safety in allowing another inmate to attack Plaintiff. (Docket Entry 2 at 3.)[1] The "Statement of Claim" section of Plaintiff's Complaint states in its entirety:

> On 10-9-12, [Plaintiff] was injured because [Defendant], of the Cabarrus County Jail, allowed an inmate, Demarlow Perry, to exit his cell at the same time that [Plaintiff] was also out of [his] cell, because [Plaintiff] was a

---

[1] Page citations for this document refer to the pagination in the CM/ECF footer, rather than the pre-printed pagination on the form document.

> jail trustee, allowing inmate Perry to attack [Plaintiff]. This incident should have never occured [sic] because:
> (1) Inmate Perry and [Plaintiff] have been on "keep separate" since August 2012 because inmate Perry assaulted [Plaintiff] at that time;
> (2) Inmate Perry is on "keep separate" from everyone in the jail because he has assaulted other inmates by sucker-punching them, causing severe damage.
> (3) [Defendant] knew that inmate Perry has the reputation for assaulting other inmates for nothing at all. Therefore, since so many detainees were assaulted by inmate Perry, jail officers must have known that detainees faced a "substantial risk of serious harm," which makes [Defendant's] actions deliberate and pervasive.

(Id.) The Complaint states that "Plaintiff is seeking monetary relief in the amount of $20,000.00 for injuries to the head, neck, hips, feet, hands and face. Also for pain and suffering, humiliation, shock, post traumatic stress disorder and punitive and exemplary damages." (Id. at 4.) Defendant filed the instant Motion (Docket Entry 18) to which Plaintiff has not responded (see Docket Entries dated May 5, 2014, to present).[2]

## **Discussion**

Defendant seeks dismissal for "lack of personal jurisdiction over [] [D]efendant, lack of subject matter jurisdiction and

---

[2] Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. LR7.3(k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). However, in the context of "motions to dismiss, . . . the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416 n.3 (4th Cir. 2014).

2

failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1)[, ](2) and (6) respectively, of the Federal Rules of Civil Procedure." (Docket Entry 20 at 1.) In that regard, Defendant first argues that his alleged actions "are protected from liability by the doctrine of governmental immunity, which is a bar to recovery by [] [P]laintiff. As such, [] [P]laintiff's [C]omplaint should be dismissed for lack of personal jurisdiction over [] [D]efendant and lack of subject matter jurisdiction pursuant to Rules 12(b)(1) and (2), respectively." (Id. at 2; see also id. at 2-3 (citing Moffit v. City of Asheville, 103 N.C. 237, 9 S.E. 695 (1889), as establishing "doctrine of governmental or sovereign immunity").)

Under North Carolina law, governmental or "[s]overeign immunity ordinarily grants the state, its counties, and its public officials, in their official capacity, an unqualified and absolute immunity from law suits." Paquette v. County of Durham, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002). This immunity, however, does not apply to actions pursuant to Section 1983. See id. at 18-19 (citing Corum v. University of N.C., 330 N.C. 761, 772 (1992) ("[U]nder the federal cases interpreting section 1983, sovereign immunity alleged under state law is not a permissible defense to section 1983 actions.")); see also Martinez v. State of Cal., 444 U.S. 277, 284 n.8 (1980) ("Conduct by persons acting under color of state law which is wrongful under 42 U.S.C. § 1983 . . . cannot be

3

immunized by state law.  A construction of the federal statute which permitted a state immunity defense to have controlling effect would transmute a basic guarantee into an illusory promise; and the supremacy clause of the Constitution insures that the proper construction may be enforced." (internal quotation marks omitted)). North Carolina immunity doctrines do not, therefore, divest this Court of either personal jurisdiction over Defendant or subject matter jurisdiction over this action.

Nevertheless, to the extent Plaintiff intended that the Complaint assert a claim(s) against Defendant in his official capacity, such claim(s) cannot go forward.  Section 1983 does contemplate suits against local governmental entities and their officials (Docket Entry 20 at 1 (identifying Defendant as "a detention officer at the Cabarrus County Detention Center")). See Monell v. Department of Soc. Servs., 436 U.S. 658, 690 (1978). However, under Section 1983, "claims against officers in their official capacities are claims against the entities for which the officers were acting. . . . [T]o establish liability on behalf of the entity, it must be shown that the actions of the officers were unconstitutional and were taken pursuant to a custom or policy of the entity." Giancola v. State of W. Va. Dep't of Pub. Safety, 830 F.2d 547, 550 (4th Cir. 1987) (emphasis added).  Because the Complaint fails to allege that Defendant acted pursuant to any custom or policy of the Cabarrus County Detention Center (see

4

Docket Entry 2 at 3), the Court should dismiss any claim(s) against Defendant in his official capacity.

However, dismissal of any official capacity claim(s) does not, as Defendant supposes, end Plaintiff's suit. Defendant contends that "he was sued in his <u>official</u> capacity as a detention officer." (Docket Entry 20 at 2 (emphasis added).) As grounds for that contention, Defendant argues that, "[a]bsent some clear indication to the contrary, it is presumed that the defendant is sued in only his official capacity." (<u>Id.</u> (citing <u>Mullis v. Sechrest</u>, 347 N.C. 548, 495 S.E.2d 721 (1998)).) Although such a presumption may exist under North Carolina law, it does not apply in the context of a Section 1983 suit in this Court.

"[A] plaintiff need not plead expressly the capacity in which he is suing a defendant in order to state a cause of action under § 1983." <u>Biggs v. Meadows</u>, 66 F.3d 56, 60 (4th Cir. 1995). Moreover,

> when a plaintiff does not allege capacity specifically, the court must examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity. One factor indicating that suit has been filed in such a manner might be the plaintiff's failure to allege that the defendant acted in accordance with a governmental policy or custom, or the lack of indicia of such a policy or custom on the face of the complaint.

<u>Id.</u> at 61 (internal citations omitted).

The instant Complaint fails to specify the capacity under which Plaintiff seeks to sue Defendant. (<u>See</u> Docket Entry 2 at 1-

5

4.) However, it also lacks any allegation that Defendant acted in accordance with any policy or custom of his employer. (Id. at 3.) To the contrary, it contends that Defendant knew to keep Plaintiff and another inmate apart, apparently pursuant to the policy of Defendant's employer, but failed to conform to said policy despite knowing the dangers. (Id.)

That circumstance indicates that Plaintiff intended to sue Defendant in his individual capacity. Similarly, the fact that the Complaint seeks punitive damages (see id. at 4), relief unavailable against Defendant in his official capacity, see State ex rel. Wellington v. Antonelli, No. 1:01CV01088, 2002 WL 31875504, at *4 (M.D.N.C. Dec. 20, 2002) (unpublished) (Osteen, Sr., J.) ("Under § 1983, [the] [p]laintiffs may not recover punitive damages from the County, nor from the sheriff and his deputies in their official capacities.") (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)), reflects an intent by Plaintiff to sue Defendant in his individual capacity. In sum, based on the Complaint, the Court can "ascertain[] fairly" that "[P]aintiff[] inten[ded] to hold [] [D]efendant personally liable," Biggs, 66 F.3d at 61. The Court therefore should allow Plaintiff's claim(s) against Defendant in his individual capacity to proceed.

Defendant also argues that the Complaint fails to state a claim pursuant to Rule 12(b)(6). (Docket Entry 20 at 3.) Under said Rule, a complaint falls short if it does not "contain

sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>

"[D]etermining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion . . . requires the reviewing court to draw on its judicial experience and common sense." <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009). Moreover, although the Supreme Court has reiterated the importance of affording pro se litigants the benefit of liberal construction, <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> in dismissing pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint

. . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 679, respectively)).

Defendant's argument in full states:

> In addition, the [C]omplaint states no claim upon which relief may be granted. There are some bare-boned allegations concerning a physical altercation in which [P]laintiff was allegedly involved with another inmate, but the [C]omplaint alleges no specific facts to support his claims that [D]efendant's negligent behavior was the proximate cause of his injuries. Since the [C]omplaint states no viable claim for negligence, it should be dismissed for failure to state a claim, pursuant to Rule 12(b)(6).

(Id.) The Complaint does not purport to state a claim for negligence; rather, given the benefit of liberal construction, it alleges that Defendant exhibited deliberate indifference to Plaintiff's safety in violation of the Constitution. (See Docket Entry 2 at 3.) "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989). In other words, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs — e.g., food, clothing, shelter, medical care,

8

and <u>reasonable safety</u> — it transgresses the substantive limits on state action set by . . . the Due Process Clause." <u>Id.</u> at 200 (emphasis added).

However, not every injury suffered by a prisoner or detainee "translates into constitutional liability for prison [or jail] officials responsible for the victim's safety." <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994). Plaintiff thus cannot maintain a constitutional claim against Defendant merely based on allegations that he negligently failed to protect Plaintiff from an unsafe condition because "deliberate indifference describes a state of mind more blameworthy than negligence," <u>id.</u> at 835.

Instead, this standard applies:

> <u>First</u>, a constitutional violation occurs only where the deprivation alleged is "objectively, sufficiently serious." For a claim based on a failure to prevent harm, a [plaintiff] must show that he [was] detained or incarcerated "under conditions posing a <u>substantial risk of serious harm</u>." . . . Second, an official must have "a sufficiently culpable state of mind." In prison[/jail]-conditions cases, the requisite state of mind is "<u>deliberate indifference</u>."

<u>Brown v. Harris</u>, 240 F.3d 383, 388-89 (4th Cir. 2001) (quoting <u>Farmer</u>, 511 U.S. at 834) (internal citations and secondary internal quotation marks omitted) (emphasis added).[3]

---

[3] The Complaint does not make clear whether Plaintiff's custody arose from a conviction, such that the Eighth Amendment (made applicable to local governmental officials through the Fourteenth Amendment) protected him, or from pre-trial detention, such that the Fourteenth Amendment protected him directly. (<u>See</u> Docket Entry 2.) As the Fourth Circuit has observed, <u>Farmer</u>
(continued...)

In the instant case, the Complaint alleges facts sufficient, if true, to show that Defendant exposed Plaintiff to a substantial risk of serious harm with the requisite state of mind. It asserts that inmate Perry was on "keep separate" because he had assaulted inmates (including Plaintiff) in the past. (Docket Entry 2 at 3.) It further alleges that Defendant "knew that inmate Perry has the reputation for assaulting other inmates" and that Defendant nevertheless allowed Defendant and inmate Perry out of their cells at the same time, enabling inmate Perry to attack Plaintiff. (Id.) In addition, it implies that Plaintiff received injuries to his head, neck, hips, feet, hands, and face as a result of the attack. (Id. at 4.) If, as the Complaint alleges, Defendant knew the risk inmate Perry presented to Plaintiff and allowed Perry access to Plaintiff despite that risk, Plaintiff has stated a claim under Section 1983. See, e.g., Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987) (recognizing constitutional right of inmate to freedom "from physical harm at the hands of fellow inmates resulting from

---

³(...continued)
"addressed only the duties of 'prison officials' under the Eighth Amendment. Farmer, however, merely defined the term 'deliberate indifference,' a standard previously employed by the Supreme Court in Estelle v. Gamble, 429 U.S. 97 (1976), and its progeny. See Farmer, 511 U.S. at 829. Farmer in no way undermined [the Fourth Circuit's prior] holding . . . that the same 'deliberate indifference' standard applies to both inmates and pretrial detainees. Indeed, other circuits have imported the Farmer framework into cases involving pretrial detainees." Brown, 240 F.3d at 388 n.6 (internal parallel citations omitted). The prisoner/detainee distinction thus does not affect the analysis of this issue.

the deliberate or callous indifference of prison officials to specific known risks of such harm").

As to Plaintiff's surviving individual capacity claim(s), the Court will exercise its discretion to enter a Scheduling Order without holding an Initial Pretrial Conference. See M.D.N.C. LR 16.1(a) ("[C]ases brought by pro se plaintiffs shall be governed by a scheduling order entered by the Court after an initial pretrial conference, unless the Court determines, in its discretion, that no conference is necessary." (internal parentheses and italics omitted)). Specifically, the case should proceed on the Standard case-management track, see M.D.N.C. LR 26.1(a)(1).

### Conclusion

Plaintiff's Complaint alleges facts sufficient to state a Section 1983 claim against Defendant in his individual capacity.

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss (Docket Entry 18) be granted in part and denied in part, in that, to the extent the Complaint alleges an official capacity claim(s) against Defendant, the Court should dismiss such claim(s), but the Court should allow the individual capacity claim(s) to proceed.

**IT IS ORDERED** that this case shall proceed on the Standard Case-Management Track under this Court's Local Rule 26.1(a)(1). The Parties shall serve initial disclosures required by Federal Rule of Civil Procedure 26(a)(1)(A) and shall file any motions to amend pleadings (including to add parties) by August 7, 2014, with

11

any motion filed after that date subject to both Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4). The Parties shall serve any expert disclosures required by Federal Rule of Civil Procedure 26(a)(2)(A)-(C) by October 7, 2014. All discovery shall end by November 7, 2014. At this point, the Court will not require mediation.

                                                                /s/ L. Patrick Auld
                                                                    **L. Patrick Auld**
                                                **United States Magistrate Judge**

July 7, 2014