# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SHELDON L. HUGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV1242 |
| | ) | |
| OFFICER M.D. ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned Magistrate Judge for a recommended ruling on Defendant's Motion for Summary Judgment (Docket Entry 25). For the reasons that follow, the Court should grant the instant Motion.

### I. Procedural Background

This case began when Plaintiff filed a pro se prisoner form Complaint alleging that Defendant acted with deliberate indifference to Plaintiff's safety, in violation of 42 U.S.C. § 1983. (Docket Entry 2 at 2-4.) Subsequently, the Court granted in part Defendant's Motion to Dismiss as to any official-capacity claim against Defendant while allowing Plaintiff's individual capacity claim to proceed. (Docket Entry 30.) Plaintiff's Complaint asserts that Defendant, a detention officer at the Cabarrus County Detention Center, failed to properly enforce a "keep separate" order that applied to Plaintiff and another inmate,

Demarlo[] Perry.  (Docket Entry 2 at 3.)  As a result, Perry allegedly assaulted Plaintiff, causing serious injuries.  (Id. at 3-4.)

To support his instant Motion, Defendant filed his own affidavit and that of Captain Marc Nesbitt, as well as a surveillance video recording from the Detention Center.  (Docket Entries 25-1, 25-2, 27.)  Captain Nesbitt's affidavit avers that he serves as the Detention Center's custodian of video surveillance records and that the video recording Defendant submitted with the instant Motion accurately reflects the events described in Plaintiff's Complaint.  (See Docket Entry 25-2 at 1.)

Plaintiff has not responded to the instant Motion.  (See Docket Entries dated Jan. 13, 2015, to present.)  In that regard, the docket reflects that the postal service has returned as undeliverable several manual mailings to Plaintiff (see Docket Entries dated Dec. 23, 2013, to present), including Defendant's instant Motion (see Docket Entry dated Feb. 4, 2015).  "'One who does not keep the Court advised of his current address should not thereby be able to foreclose an opposing party from taking full advantage of the procedures which [the] Rules allow, for example as here, obtaining rulings on motions . . . for summary judgment.'" Saquilan v. Bullock, No. 1:07-CV-29, 2010 WL 3260158, at *2 (M.D.N.C. Aug. 16, 2010) (unpublished) (quoting Irabor v. O'Neel, No. A3-97-60, 1998 WL 1780650, at *1 (D.N.D. Mar. 10, 1998)

(unpublished)), recommendation adopted, slip op. (M.D.N.C. Sept. 1, 2010). Moreover, under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. R. 7.3(k) ("If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). However, "in considering a motion for summary judgment, the district court must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 n.8 (4th Cir. 2010).

## II. Summary Judgment Standard

"The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Such a genuine dispute exists if the evidence presented could lead a reasonable factfinder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In making this determination, the Court must view the evidence and any reasonable inferences therefrom in a light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment may discharge its burden by identifying

an absence of evidence to support the non-moving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

### III. Discussion

In support of his instant Motion, Defendant contends: (1) that Plaintiff has failed to set forth evidence sufficient to establish that Defendant acted with deliberate indifference to his safety, (2) that, even assuming deliberate indifference, Defendant did not proximately cause Plaintiff's injuries because Plaintiff initiated the confrontation with Perry, and (3) that Plaintiff has failed to produce evidence of any damages he sustained as a result of his injury. (Docket Entry 26 at 2-5.)

A. Deliberate Indifference

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 199-200 (1989). In other words, "when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs — e.g., food, clothing, shelter, medical care, and reasonable safety — it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." Id. at 200 (emphasis added).

However, not every injury suffered by a prisoner "translates into constitutional liability for prison officials responsible for the victim's safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff thus cannot maintain a constitutional claim against Defendants merely based on allegations that they negligently failed to protect him from an unsafe condition because "deliberate indifference describes a state of mind more blameworthy than negligence," Farmer, 511 U.S. at 835. Instead, this standard applies:

> First, a constitutional violation occurs only where the deprivation alleged is "objectively, sufficiently serious." For a claim based on a failure to prevent harm, a [plaintiff] must show that he [was] detained or incarcerated "under conditions posing a substantial risk of serious harm." . . . Second, an official must have "a sufficiently culpable state of mind." In prison[/jail]-conditions cases, the requisite state of mind is "deliberate indifference."

Brown v. Harris, 240 F.3d 383, 388-89 (4th Cir. 2001) (quoting Farmer, 511 U.S. at 834) (internal citations and secondary internal quotation marks omitted) (emphasis added).

"Deliberate indifference is a very high standard [and] a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). Instead, the "deliberate indifference" prong requires Plaintiff to make "two showings":

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] *should have* recognized it; [he] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were

-5-

inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient.

<u>Parrish ex rel. Lee v. Cleveland</u>, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks omitted) (emphasis in original). "The subjective component therefore sets a particularly high bar to recovery." <u>Iko v. Shreve</u>, 535 F.3d 225, 241 (4th Cir. 2008).

Defendant's instant Motion contends that, "according to [Defendant's] affidavit, although he knew that [P]laintiff and Mr. Perry were on the 'keep separate list' [Defendant] accidentally let them in the same room at the same time." (Docket Entry 26 at 3.) Defendant's affidavit states as follows:

> On October 9, 2012, I was responsible for controlling the cell security in the "dayroom" or common area of D Pod on the B side of the first floor housing facility of Cabarrus County Detention Center. At approximately 7:00 pm I remotely opened the cell door of inmate Demarlo Perry to allow him in the common area for his recreation time. At that time [Plaintiff] was sitting at one of the tables in the common area. . . . At the time of the incident, [Plaintiff] and Mr. Perry were on the "keep separate list" as a result of a verbal altercation. . . . I was aware of this fact at the time, but accidentally let [Plaintiff] and Mr. Perry in the same room at the same time.

(Docket Entry 25-1 at 1.) Although Defendant admits his knowledge of the "keep separate" order, his statements do not reflect that he "subjectively recognized a substantial risk of harm [to Plaintiff] . . . [or] that his actions were inappropriate in light of that

-6-

risk," Parrish, 372 F.3d 294 at 303.  Furthermore, the Supreme Court has repeatedly stated that accidental or inadvertent behavior by definition does not constitute deliberate indifference.  See Farmer, 511 U.S. at 840 ("Use of 'deliberate,' for example, arguably requires nothing more than an act (or omission) of indifference to a serious risk that is voluntary, not accidental." (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)).  Simply put, the uncontested evidence before the Court does not support a finding that Defendant acted with deliberate indifference toward Plaintiff and, thus, the Court should grant summary judgment for Defendant.

B.  Proximate Cause

"[C]onstitutional torts, like their common law brethren, require a demonstration of both but-for and proximate causation." Massey v. Ojaniit, 759 F.3d 343, 354 (4th Cir. 2014) (internal quotation marks omitted).  "[I]n cases brought under § 1983 a superseding cause, as traditionally understood in common law tort doctrine, will relieve a defendant of liability."  Kane v. Lewis, __ F. App'x __, __, No. 14-1027, 2015 WL 1089007, at *5 (4th Cir. Mar. 13, 2015).

In recognition of those requirements, Defendant asserts that "[P]laintiff was the proximate cause of his own injuries [because] [t]he video surveillance tape of the incident shows that [P]laintiff was the aggressor and instigated the fight."  (Docket

Entry 26 at 4.)  In that regard, even if Defendant's act of opening Perry's cell door constituted a but-for cause of Plaintiff's injuries, Plaintiff's act of aggression against Perry represented a superseding cause.  See Kane, 2015 WL 1089007, at *5 ("[A] superseding cause will break the chain of proximate causation." (internal brackets and quotation marks omitted)).

The surveillance video recording reflects that, as Perry exited his cell, Plaintiff stood up, walked toward Perry, and raised his fists.  (See Docket Entry 27.)[1]  Initially, Perry backed away from Plaintiff, before raising his own fists.  (See id.)  Then both Plaintiff and Perry postured briefly and a fight ensued.  (See id.)  Given these circumstances, the record does not support a finding that Defendant represented the proximate cause of Plaintiff's injuries, as required to establish liability under § 1983.  For this reason as well, the Court should grant summary judgment for Defendant.

C. Evidence of Damages

As with causation, "[d]amages awarded under § 1983 for violations of constitutional rights are ordinarily governed by common law tort principles."  Kane, 2015 WL 1089007, at *5. "Punitive damages aside, damages in tort cases are designed to provide *compensation* for the injury caused to [a] plaintiff by [a] defendant's breach of duty."  Memphis Cmty. Sch. Dist. v. Stachura,

---

[1] The Clerk's Office maintains a copy of this video recording.

477 U.S. 299, 306 (1986) (internal footnote and quotation marks omitted). "Consequently, the basic purpose of § 1983 damages is to compensate persons for injuries that are caused by the deprivation of constitutional rights." Id. (internal quotation marks omitted).

Defendant thus argues that Plaintiff "cannot prove he sustained any damages as a result of the incident." (Docket Entry 26 at 4.) Defendant's affidavit states that, immediately following the altercation, a nurse gave Plaintiff an ice pack and checked his vital signs, but that Defendant refused any further medical treatment. (Docket Entry 25-1 at 1-2.) According to Defendant, on the following day, Plaintiff expressed his satisfaction with the medical care he had received. (Id. at 2.) Two days later, medical personnel gave Plaintiff another ice pack for his sore jaw and Plaintiff apparently did not seek further treatment for any injuries caused by the fight. (Id.)

The record before the Court thus suggests that Defendant did not sustain substantial injuries. However, given that the uncontested evidence does not support a finding of Defendant's liability to Plaintiff, as discussed above, the Court need not reach the issue of damages.

## **IV. Conclusion**

Defendant has established entitlement to judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56(a).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket Entry 25) be granted.

                              /s/ L. Patrick Auld
                           **L. Patrick Auld**
                    **United States Magistrate Judge**

April 2, 2015